IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| PHILIP A. MURPHY, JR. <br> SANDRA R. NOE, and <br> CLAIRE M. PALMER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | § § § § § § § § § § § § |

CIVIL ACTION NO. 3:09-CV-2262-G

## MEMORANDUM OPINION AND ORDER

Plaintiffs Philip A. Murphy, Jr., Sandra R. Noe, and Claire M. Palmer—individually and as representatives of plan participants—brought this civil action under various provisions of the Employee Retirement Income Securities Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, following the 2006 spinoff from Verizon Communications Inc., et. al. ("Verizon") of a new entity later known as SuperMedia, Inc. ("SuperMedia"). As part of the spin-off, Verizon transferred some pension benefit plans (the "Plans") to the SuperMedia Employee Benefits Committee ("SuperMedia"). After which time, Plaintiffs filed the present civil action alleging breach of duties to the Plans under ERISA and the failure of Verizon and SuperMedia (collectively "Defendants") to produce documents and make disclosures to Plan members.

Upon issuance of an order granting summary judgement and awarding costs to Defendants (Doc. 139), Defendants timely filed separate bills of costs (Docs. 140 and 142). Following affirmation of the summary judgment on appeal (Doc. 148) and pursuant to an order of reference (Doc. 150), these cost bills have been referred to the United States Magistrate Judge for determination.

As prevailing parties in this action, Defendants seek as costs a total of $4,218.22. Of this amount, as costs for transcripts obtained for use in this case, Verizon claims $2,244.73 (Doc. 140) and SuperMedia claims $450.76 (Doc. 142). SuperMedia alone claims an additional $1,522.73 in costs for the making of copies necessary for use in the case. *Id.*

With respect to these costs, Plaintiffs object to the necessity of (1) Verizon and SuperMedia's procuring of four deposition transcripts (Doc. 144 at 3, 4 and 6) and (2) the creation of compact disk(s) ("CDs") for PDF and/or TIFF imaging in the production of documents by Defense to Plaintiffs' counsel (Doc. 144 at 4). With respect to Plaintiffs' second objection, Plaintiffs argue that expenses in the amount of $72.92 for the duplication of a master CD are the only expenses properly assessed under the statute. *Id.* at 6. Under Plaintiffs' view, costs to be taxed upon Plaintiffs in this case total $72.92, all of which would be paid to SuperMedia. *See id.* at 6-7. Verizon filed with this Court a reply to Plaintiffs' objections (Doc. 147), however the Court lacks the benefit of a reply from SuperMedia with respect to either objection. The parties have fully briefed the relevant issues, and this matter is now ripe for determination.

## I. Legal Standards

Unless prohibited by statute, rule or court order, there exists a strong presumption that the prevailing party in a civil matter shall be allowed to recover their non-attorney costs associated with the litigation. *See* FED. R. CIV. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920 (2), (4).

Regardless of actual use, a prevailing party is entitled to costs incurred in taking a deposition when, at the time the deposition was taken, the deposition "could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Similarly, a copy of a deposition transcript may be included in taxable costs when such copy is obtained "for use during trial or for trial preparation, rather than for the mere convenience of counsel." *Id.* The necessity of the taking of the deposition or the cost of securing a copy of a deposition is a finding of fact to be made by the district court upon which the district court is afforded "great latitude in this determination." *Id.* at 286.

"Convenience of counsel" is correlated with mere administrative convenience and not to counsel gaining access to information germane to the representation. *See Millennium Rests. Grp., Inc. v. City of Dallas*, 2002 WL 1042117, at *4 n. 9 (N.D. Tex. May 21, 2002) (Fish, J.) (extra copies made for counsel's benefit are part of the "normal overhead and are not recoverable as taxable court costs"). Therefore, necessity is a low threshold which is met when the party can demonstrate "some nexus between the costs incurred and the litigation." *Id.*, at *4 (denying costs to the prevailing party when the party merely listed a monthly lump sum for copying charges without itemization as to the relevance of such costs to the litigation) (citing *Fogleman*, 920 F.2d at 286).

Since each objection raised relates to a category of claim rather than to a particular Defendant, each category is analyzed separately.

### II. Transcripts necessarily obtained for use in the case

In support of Plaintiffs' argument that copies of the deposition transcripts obtained by Defendants were unnecessary, Plaintiffs note the failure of Defendants to cite to the deposition

3

transcript in the index of materials and exhibits. *See* Appendix in Support of SuperMedia EBC's Mot. for Summ. J. Plaintiffs further assert that the "most direct evidence of 'necessity' should be the actual use of the deposition transcripts by the Court." Pls.' Objections to Defs.' Bill of Costs, Doc. 144 at 4. Here Plaintiffs' claim lacks merit. The Court's use or non-use or a party's use or non-use of deposition testimony as part of a dispositive motion is not correlated to the reasonable necessity of securing a copy of a deposition transcript. *Abundiz v. Explorer Pipeline Co.*, 2004 WL 1161402, at *2 (N.D. Tex. May 24, 2004) (Stickney, Mag. J.) *rec. adopted*, 2004 WL 1373216 (N.D. Tex. June 18, 2004) ("costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion") (quoting *Harris Corp. v. Sanyo N. Am. Corp.*, 2002 WL 365755, at *3 (N.D. Tex. Mar. 5, 2002)); *see also Hartnett v. Chase Bank of Texas Nat. Ass'n*, 1999 WL 977757, at *3 (N.D. Tex. Oct. 26, 1999) (Kaplan, Mag. J.) (citing C. Wright & A. Miller, Federal Practice and Procedure § 2676 at 424 (3d ed. 1998)). Rather, the standard to be applied in determining "necessity" is whether the deposition was "reasonably necessary at the time it was taken." *Hartnett*, 1999 WL 977757, at *3. It is presumptively reasonable that a Defendant obtain copies of depositions noticed by Plaintiffs. *Id*; *see also Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (noting that, in their discretion, "district courts have awarded prevailing parties the costs of taking depositions of opposing parties").

The bills of costs included charges for transcripts from the depositions of John Fitzgerald, William Gist, James Kelly Hartnett, and Rick Wiley. Mem. in Supp. of Verizon's Bill of Costs at Ex. A and Mem. in Supp. of SuperMedia EBC's Bill of Costs at Ex. A. All four depositions in question were taken by Plaintiffs. Reply Mem. In Further Supp. of Verizon's Bill of Costs at 2. Further, the individuals deposed by Plaintiffs were, at the time of the events alleged, officers and

directors of Defendants and the Plans sponsored by Defendants. *See* App. in Supp. of Verizon Defs.' Mot. for Summ. J. at 3 (Fitzgerald Dep. at 6:11-12), 94 (Hartnett Dep. at 16:24-25), 207 (Wiley Dep. at 8:16-19) and 301 (Gist Dep. at 10:7-8).

As employees and officers of the Defendants at the time of the incidents alleged, this Court finds copies of depositions procured by Plaintiffs to be necessarily obtained for use in the case. In the Court's view, as Defendants in the present matter, the testimony under oath provided by its officers and agents would necessarily be required for trial preparation by Defendants and in answer to any motion filed by Plaintiffs.

Further, although not dispositive on the matter, in response to Plaintiffs' argument that Defendants did not make use of the depositions in question, Defendants clearly demonstrate that all four depositions of Defendants' officers were used in support of Verizon's motion for summary judgment. *See* Reply Mem. in Further Supp. of Verizon's Bill of Costs at 3. Plaintiffs' objections to Defendants' request for the costs of transcripts are overruled.

### III. Copies necessarily obtained for use in the case

Plaintiffs allege that the expenses incurred due to the *form* in which copies of documents were produced by Defendants were not necessary, but were so incurred merely for the "convenience of counsel." Pls.' Objections to Defs.' Bill of Costs at 6. However, Rule 26 requires that, in creating their discovery plan, parties should discuss "any issues about disclosure or discovery of electronically stored information, including the form of forms in which it should be produced." FED. R. CIV. P. 26(f)(3)(C). Also, given "technological advances in document storage and retrieval[,] . . . scanning documents is 'the modern-day equivalent' of 'exemplification and copies' of paper." *Rundus v. City of Dallas*, 2009 WL 3614519, at *3 (N.D. Tex. Nov. 2, 2009) (Kaplan, Mag. J.) (citations omitted). Defendants are entitled to recover costs

of producing one set of discovery documents to Plaintiffs. *See id.*; *U.S. ex rel. DeKort v. Integrated Coast Guard Sys., LLC*, 2013 WL 1890283, at *3 (N.D. Tex. Mar. 27, 2013) (Stickney, Mag. J.) *rec. adopted sub nom. U.S. ex rel. DeKort v. Lockheed Martin Corp.*, 2013 WL 1891392 (N.D. Tex. May 6, 2013).

Plaintiffs fail to allege that the form in which documents were produced to them was improper or contemporaneously objected to by Plaintiffs. *See generally* Pls.' Objections to Defs.' Bill of Costs. Instead, Plaintiffs merely argue that the expenses were incurred before Plaintiffs' counsel "had any opportunity to physically inspect the papers and choose which ones ought to be produced during formal discovery proceedings." *Id.* at 5. Plaintiffs' argument is best characterized as one of *over-breadth* of production, not as to the *form* of the production. Plaintiffs do not argue that the documents produced were irrelevant or somehow outside the scope or agreed upon terms of the Rule 26 discovery plan. *See generally, id.* Therefore, while this Court disallows $15 of costs for duplication of the master CD (*see* Mem. in Supp. of SuperMedia EBC's Bill of Costs at Ex. A-3), this Court finds no reason to sustain Plaintiffs' objection with respect to the form of production and thus assesses expenses for copies obtained for use in this case in the amount of $1,507.73.

### IV. Conclusion

Defendants' bills of costs (Docs. 140 and 142) are GRANTED. The Court assesses a total of $4,203.22 in costs against Plaintiffs. Plaintiffs shall pay $2,244.73 of this amount to Verizon and the balance of $1,958.49 to SuperMedia.

SO ORDERED, April 10, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE