**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PHILIP A. MURPHY, JR., et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:09-CV-2262-G-BF** |
| | § | |
| **VERIZON COMMUNICATIONS INC., et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM ORDER**

Plaintiffs Philip A. Murphy, Jr. Sandra R. Noe, and Claire M. Palmer have filed objections to the court's April 13, 2015 Memorandum Opinion and Order awarding Defendants costs in the amount of $4,203.22. As grounds for their objections, Plaintiffs argue that the court erroneously failed to apply a five-factor test established under *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)[1] to determine whether costs are appropriate. Plaintiffs' argument fails for several reasons, and their objections are therefore overruled.

Plaintiffs originally filed this ERISA class action on November 25, 2009. The District Court granted Defendants' summary judgment motions on September 16, 2013. The final judgment entered the next day in Defendants' favor ordered that "the plaintiffs take nothing from the defendants on their claims in this case *and that the defendants recover their costs of court*." Judgment (Doc. 193) (emphasis added). Defendants later filed two separate cost bills seeking a total

---

[1] The *Bowen* case holds that "[i]n deciding whether to award attorneys' fees to a party under section 502(g), . . ., a court should consider such factors as the following: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Bowen*, 624 F.2d at 1266.

of $4,218.22 for costs associated with deposition transcripts and copies of documents produced in discovery. Plaintiffs objected to Defendants' cost bills arguing that the claimed expenses were not properly taxable under Fed. R. Civ. P. 54(d) or 28 U.S.C. § 1920 (2) or (4). On January 9, 2015, after the Fifth Circuit affirmed the judgment in favor of Defendants, the District Court referred the cost bills and Plaintiffs' objections to United States Magistrate Judge for determination. This court carefully considered Plaintiffs' objections and rejected them. On April 10, 2015, the court entered an order pursuant to Fed. R. Civ. P. 54(d) awarding Defendants costs in the amount of $4,203.22.

Plaintiffs' instant objections regarding application of the *Bowen* factors have never been raised before. These entirely new arguments are not based on any new evidence or change in the law, and it is inappropriate for Plaintiffs to raise them for the first time at this late juncture in the litigation. *See, e.g., SEC v. Cuban*, No. 3:08-CV-2050-D, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (reconsideration is "not the proper vehicle for . . . advancing theories of the case that could have been presented earlier.").

Even if the court were inclined to consider Plaintiffs' arguments on the merits, it would not affect the court's order awarding Defendants costs in the amount of $4,203.22. This is an ERISA case, and ERISA provides that the court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29. U.S.C. § 1132(g)(1). A court may award fees and costs in its discretion to a party so long as that party achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010). A court may consider the *Bowen* factors in exercising its discretion, but such consideration not required. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013); *see also 1 Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 F. App'x 394, 396 (5th Cir. 2011) (per curiam) ("A district court may consider the

five factors, but *Hardt* does not mandate consideration."). Defendants prevailed on summary judgment and on appeal and thus achieved "some degree of success on the merits." An award of costs is appropriate. In the Fifth Circuit, awards of costs under ERISA are limited to those listed in 28 U.S.C. § 1920. *Humphrey v. United Way of the Tex. Gulf Coast*, 802 F. Supp. 2d 847, 686 (S.D. Tex. 2008) (citing *Cook Children's Med. Ctr v. New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 275-76 (5th Cir. 2007). The court awarded costs consistent with the standards of § 1920, and Plaintiffs do not argue that the court erred in that regard. Accordingly, Plaintiffs' objections are overruled.

## CONCLUSION

Plaintiffs' objections (Doc. 152) are OVERRULED. Plaintiff is hereby ordered to pay Defendants the costs awarded by the court's April 13, 2015 order, plus post-judgment interest,[2] by July 1, 2015.

SO ORDERED, May 26, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

[2] *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544-45 (5th Cir. 1983), *overruled on other grounds by Int'l Woodworkers of Am., v. Champion Int'l Corp.*, 790 F.2d 1174, 1175-76 (5th Cir. 1986) (en banc) (award of costs bears interest from the date a judgment is rendered making the award).